**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| IN RE: | CASE NO. | 17-50917 (JAM) |
| DRITERO FERATI,  Debtor. | CHAPTER | 7 |
| NEXTGEAR CAPITAL, INC.,  Plaintiff, | | |
| vs. | ADV. PRO. NO. | 17-05034 (JAM) |
| DRITERO FERATI,  Defendant. | ECF NOS. | 12, 42 |

**APPEARANCES**

Geraldine A. Cheverko                             *Attorney for the Plaintiff*
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606

Stephen M. Kindseth                               *Attorney for the Defendant*
Zeisler & Zeisler, P.C.
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604

**MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANT'S
MOTION TO AMEND AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.    INTRODUCTION**

On July 31, 2017, Dritero Ferati (the "Defendant") filed a voluntary Chapter 7 petition. On November 6, 2017, NextGear Capital, Inc. ( the "Plaintiff") commenced the above-captioned adversary proceeding by filing a five-count complaint (the "Complaint") seeking a determination

that a debt owed to it by the Defendant is non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(2)(A), (a)(4), and (a)(6). On December 29, 2017, the Defendant filed an answer and affirmative defenses (the "Answer"). On May 31, 2018, the Plaintiff moved for summary judgment on all counts of the Complaint (the "Motion for Summary Judgment," ECF No. 12). On June 21, 2018, the Defendant filed an Objection to the Motion for Summary Judgment (the "Objection to the Motion for Summary Judgment," ECF No. 13).

The Court held a Status Conference on the Motion for Summary Judgment on July 30, 2019 (the "Status Conference"). During the Status Conference, the Court noted the existence of inconsistencies between the Defendant's Answer and the Defendant's Local Rule 56(a)(2) Statement. The Defendant proposed to address the inconsistences by amending the Answer. On August 1, 2019, the Defendant filed a Motion for Leave to Amend Answer (the "Motion to Amend," ECF No. 42). The Plaintiff filed an Objection to the Motion to Amend on August 16, 2019 (the "Objection to the Motion to Amend," ECF No. 43).

After careful consideration of the arguments made by the parties in their submissions and during hearings before the Court, and under the specific facts and circumstances of this case, for the reasons that follow, the Motion to Amend is denied and the Motion for Summary Judgment is denied.

## II.   **JURISDICTION**

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court derives its authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

**III.    BACKGROUND[1]**

The Defendant was a member and sole equity holder of Atlantic Motors, LLC ("Atlantic Motors"), a used car dealership in Waterbury, Connecticut. On March 16, 2013, Atlantic Motors entered into a Demand Promissory Note and Loan and Security Agreement with the Plaintiff (the "Note"), which the Defendant signed in his capacity as a member of Atlantic Motors. Under the terms of the Note, the Plaintiff granted Atlantic Motors a line of credit to finance its purchase of vehicle inventory, and Atlantic Motors granted the Plaintiff a security interest in all of Atlantic Motor's assets and properties (the "Collateral"). The Defendant executed an Individual Personal Guaranty (the "Guaranty") of the Note in favor of the Plaintiff, which required the Defendant to guarantee prompt and full payment of all of the obligations of Atlantic Motors under the Note.

The Plaintiff alleges that the Defendant engaged in a series of false representations, including submitting false vehicle identification number information to the Plaintiff and making false statements about the status of the Collateral, in order to obtain additional monetary advances from the Plaintiff. The Plaintiff additionally alleges that after the Defendant defaulted on the Note, the Plaintiff was not able to recover from Atlantic Motors all of the financed vehicles. The Plaintiff seeks a declaration that the debt owed by Atlantic Motors and guaranteed by the Defendant in the amount of $1,488,848.30 is non-dischargeable pursuant to. 11 U.S.C. §§ 523 (a)(2)(A), (a)(4), and/or (a)(6).

**IV.    THE MOTION TO AMEND**

In response to the inconsistencies in the Defendant's pleadings discussed during the Status Conference, the Defendant seeks leave to amend paragraph 6 of the Answer. In paragraph

---

[1] The background information is contained in the Motion for Summary Judgement and the documents in support thereof and in the Objection to the Motion for Summary Judgment and the documents in support thereof.

six, the Defendant admits that he was actively involved in the day-to-day business operations of Atlantic Motors and/or supervised the activities of others employed by Atlantic Motors. The Plaintiff's Local Rule 56(a)(1) Statement filed in support of summary judgment cites to paragraph six as the authority for the undisputed fact that the Defendant "was actively involved in the day-to-day business operations" of Atlantic Motors, "and/or supervised the activities of others in the employment of" Atlantic Motors.

Despite the admission in paragraph six of the Answer, the Defendant's Local Rule 56(a)(2) Statement admits that he was "actively involved in the day-today business operations of Atlantic Motors, *but only to an extremely limited extent*." In support of this proposition, the Defendant refers to two affidavits attached to the Objection to the Motion for Summary Judgment: one by the Defendant (the "Defendant's Affidavit") [2] and one by Edmund Ferati, the Defendant's brother (the "Edmund Ferati Affidavit") [3]. The Defendant now seeks to amend paragraph six to assert that he had "only limited involvement in the day-to-day operations" of Atlantic Motors, and "did not supervise others in the employ of Atlantic Motors."

Federal Rule of Civil Procedure 15, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015, provides that "a party may amend its pleading only with the

---

[2] The Defendant's Affidavit states that his " day-to-day role in the operations of Atlantic Motors was very limited," that he was "responsible for transporting vehicles and performing miscellaneous errands," and that he was "not responsible for and did not supervise the sale of the vehicles financed by the Plaintiff, the receipt and deposit of the proceeds of such sales, the management of the account into which Atlantic Motors deposited the sale proceeds, and the disbursement of amounts from Atlantic Motors to the Plaintiff and others." Defendant's Affidavit ¶ 7. The Defendant's Affidavit additionally states that he "did not supervise and was not involved in the purchasing of vehicles, or the submission of such transactions to the Plaintiff for financing," and that he did not "personally make, direct, or supervise the representations alleged to have been falsely made by Atlantic Motors." *Id.* at ¶ 8.

[3] The Edmund Ferati Affidavit states that he "supervised and managed the operations" of Atlantic Motors, and that the Defendant had a "very limited" role in the day-to-day operations. Edmund Ferati Affidavit ¶¶ 2, 3.

4

opposing party's written consent or the court's leave," which should be "freely give[n] …when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the Federal Rules provide that leave to amend be freely given, 'it is within the sound discretion of the district court to grant or deny leave to amend.'" *Censor v. ASC Techs. of Connecticut, LLC*, 900 F. Supp. 2d 181, 207 (D. Conn. 2012) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). When there is a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be denied. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

In determining whether there is undue prejudice to the nonmoving party, courts consider factors such as "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; or (ii) significantly delay the resolution of the dispute." *Enzo Biochem, Inc. v. Applera Corp.*, 243 F.R.D. 45, 49 (D. Conn. 2007) (citations omitted). Mere delay, absent a showing of undue prejudice, does not provide a basis for denying leave to amend. *See id.* at 448.

The Motion to Amend is denied on the grounds of undue prejudice. By seeking leave to amend, the Defendant is attempting to withdraw a prior admission to defeat summary judgment. As noted above, the Defendant admits in paragraph six of the Answer that he was "actively involved in the day-to-day business operations" of Atlantic Motors, "and/or supervised the activities of others in the employment of" Atlantic Motors. The Plaintiff, as it was entitled to do, relied on that admission in preparing for and filing the Motion for Summary Judgment. The Objection to the Motion for Summary Judgment, however, argues that summary judgment

should not enter in the Plaintiff's favor because the Defendant did not personally engage in the conduct alleged and had a very limited responsibility for Atlantic Motors.  The Motion to Amend was filed well after the Motion for Summary Judgment was filed and only after the inconsistencies between the Answer and the Affidavits in Opposition to Summary Judgment were discussed during the Status Conference.

Under the circumstances present here, the Court concludes that the proposed amendment is prejudicial to the Plaintiff.  The Plaintiff had a right to rely on the Answer and the admissions it contained in preparing for and filing the Motion for Summary Judgment.  To allow the Defendant to amend the Answer for the purpose of avoiding summary judgment would cause undue prejudice to the Plaintiff.  *See Classicberry Ltd. v. Musicmaker.com, Inc.*, 48 F. App'x 360, 362 (2d Cir. 2002) (affirming district court's denial of defendant's motion for leave to amend answer to add two counterclaims after plaintiff had filed a motion for summary judgment because there was no justification for the delay and evidence the amendment would prejudice the plaintiff).

Accordingly, the Motion to Amend is denied. !!

## V.     THE MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056.  Rule 56 directs that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)

(emphasis in original). "Upon consideration of a motion for summary judgment, 'the judge's function . . . is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Delaney*, 504 B.R. at 746 (quoting *Anderson*, 477 U.S. at 249). "[T]he court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Mex. Constr. & Paving v. Thompson (In re Thompson)*, 511 B.R. 20, 24 (Bankr. D. Conn. 2014) (quoting *Flaherty v. Lang*, 199 F.3d 607, 615 (2d Cir. 1999)).

At the summary judgment stage, the moving party must show there are no genuine material issues of fact, and the court must consider all facts in the light most favorable to the non-moving party. *Conn. Ironworkers Emp'rs Ass'n v. New England Reg'l Council of Carpenters*, 869 F.3d 92, 98-99 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1547 (2018) (citing *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456, (1992); *Gemmink v. Jay Peak Inc.*, 807 F.3d 46, 48 (2d Cir. 2015)). Once the moving party has met its burden, the "party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Official Comm. of Unsecured Creditors of Affinity Health Care Mgmt., Inc. v. Wellner (In re Affinity Health Care Mgmt., Inc.)*, 499 B.R. 246, 251 (Bankr. D. Conn. 2013) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)).

The Complaint alleges that the debt owed to the Plaintiff is non-dischargeable under sections 523(a)(4), 523(a)(2)(A), and 523(a)(6). In order to prevail, the Plaintiff must prove each of its claims by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). After a careful review of the record, the Court concludes that there are genuine issues of material fact precluding the entry of summary judgment on the Complaint.

### A. Count I-Section 524 (a)(4) claim

To prevail on Count One, fiduciary defalcation under section 523(a)(4), the Plaintiff must establish two elements: "(i) the existence of a fiduciary relationship between the Plaintiff and Defendant; and (ii) a [fraud or] defalcation committed by the Defendant in the course of that relationship." *Fritzson*, 590 B.R. 178, 192 (Bankr. D. Conn. 2018) (quoting *Beaulieu v. Fox (In re Fox)*, 2017 WL 564499, at *3 (Bankr. D. Conn. Feb. 10, 2017); *Mirarchi v. Nofer (In re Nofer)*, 514 B.R. 346, 353 (Bankr. E.D.N.Y. 2014)). For the purposes of section 523(a)(4), defalcation "requires an 'intentional wrong,' 'conduct the fiduciary knows is improper' or 'reckless' conduct." *See In re Watterson*, 524 B.R. 445, 452 (Bankr. E.D.N.Y. 2015) (quoting *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273-74 (2013)). "In the context of the automobile financing industry, courts have found that the use of the terms 'trust' or 'sale out of trust' in connection with the extension of 'floorplan credit' to finance vehicle sales is not enough to establish a trust and a fiduciary relationship." *In re: Salim*, No. 13-42974-ESS, 2015 WL 1240000, at *15 (Bankr. E.D.N.Y. Mar. 16, 2015), *aff'd sub nom. Salim v. VW Credit, Inc.*, 577 B.R. 615 (E.D.N.Y. 2017). In determining whether there is a fiduciary relationship, "[i]t is the character of the debt relationship and not its form that determines whether a fiduciary 'trust' relationship exists." *Id.* (citing *Ford Motor Credit Co. (In re Gallaudet),* 46 B.R. 918, 925 (Bankr. D. Vt.1985)).

The Court finds the Plaintiff has failed to demonstrate that there is no genuine issue of material fact as to the section 523(a)(4) claim. The record does not establish as a matter of law all of the elements of a fiduciary defalcation cause of action, including the creation of an express trust and corresponding fiduciary relationship, and whether the Defendant's actions were taken

with the mental state required for a showing of defalcation. According, summary judgment is denied as to Count One.

### B. Counts II, III, and IV-Section 523(a)(2)(A) claims

In order to prevail on Counts Two, Three, and Four section 523(a)(2)(A), the Plaintiff must establish: (i) the Defendant made a false representation; (ii) at the time the representation was made, the Defendant knew it was false; (iii) the Defendant made the representation with intent to deceive the Plaintiff; (iv) the Plaintiff justifiably relied on the representation; and (v) the Plaintiff sustained loss or damage as a proximate consequence of the false representation. *See In re Deutsch*, 575 B.R. 590, 599 (Bankr. S.D.N.Y. 2017). For the purposes of section 523(a)(2)(A), "a false representation means that '(1) the defendant made a false or misleading statement (2) with intent to deceive (3) in order for the plaintiff to turn over money or property to the defendant.'" *Id.* (quoting *Frishberg v. Janac (In re Janac)*, 407 B.R. 540, 552 (Bankr. S.D.N.Y. 2009)).

The Court finds the Plaintiff has failed to demonstrate that there is no genuine issue of material fact as to the section 523(a)(2)(A) claims. The record does not establish as a matter of law all of the elements of this cause of action, including that the Defendant made the representations at issue, the Defendant knew such representations were false when made, and that the Plaintiff sustained loss or damages in the amount the Plaintiff claims were incurred due to such false representations. Accordingly, summary judgment is denied as to Counts Two, Three, and Four of the Complaint.

### C. Count V-Section 523(a)(6) claim

Finally, to prevail on Count Five, willful and malicious injury under section 523(a)(6), the Plaintiff must establish (i) the Defendant acted willfully, (ii) the Defendant acted maliciously, and (iii) the Defendant's willful and malicious actions caused injury to the Plaintiff or the Plaintiff's property. *See Merkman*, 604 B.R. 122, 127 (Bankr. D. Conn. 2019) (citing *In re Margulies*, 721 F. App'x 98, 101 (2d Cir. 2018)). The United States Supreme Court has clearly stated that "willful" as applied in section 523(a)(6) means "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). A debtor "is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." *In re Delaney*, 504 B.R. 738, 748 (Bankr. D. Conn. 2014) (collecting cases).

The Court finds the Plaintiff has failed to demonstrate that there is no genuine issue of material fact as to the section 523(a)(6) claim. The record does not establish as a matter of law all of the elements of such a cause of action, including that the Defendant acted willfully and maliciously, and whether the Defendant's actions caused injury to the Plaintiff in the amount the Plaintiff alleges. Therefore, summary judgment as to Count Five of the Complaint is denied.

### VI. CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED:** The Defendant's Motion to Amend is DENIED; and it is further

**ORDERED:** The Plaintiffs' Motion for Summary Judgment is DENIED; and it is further

**ORDERED:** A Pretrial Conference will be held on September 15, 2020, at 12:00 p.m. to set final deadlines for the completion of discovery and to schedule a trial date.

Dated at Bridgeport, Connecticut this 27th day of July, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut